NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS ALBERTO FAJARDO,

Petitioner,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No. 15-71650

Agency No. A205-720-071

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2021[**]

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Luis Alberto Fajardo, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We deny in part and dismiss in part the petition for review.

Fajardo does not challenge the BIA's dispositive determination that his asylum application is time-barred. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Fajardo's asylum claim.

The BIA did not err in concluding Fajardo failed to establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). To the extent Fajardo raises a new particular social group in his opening brief, we lack jurisdiction to consider the claim because he failed to raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir.

2004) (court lacks jurisdiction to review claims not presented to the agency). Substantial evidence supports the BIA's determination that Fajardo failed to establish that the harm he suffered or fears in Guatemala was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Fajardo's withholding of removal claim fails.

Fajardo does not raise, and has therefore waived, any challenge to the BIA's determination that he waived review of the IJ's denial of CAT relief. *See Lopez-Vasquez*, 706 F.3d at 1079-80. We lack jurisdiction to consider Fajardo's contention as to the merits of his CAT claim because he did not raise this contention to the BIA. *See Barron*, 358 F.3d at 677-78. Thus, Fajardo's CAT claim fails.

We do not consider Fajardo's contention as to his eligibility for cancellation of removal or a waiver of inadmissibility under INA section 212(h) because the BIA did not reach that issue, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA), and Fajardo

//

does not contend the BIA erred in finding that claim was not properly before it, *see*

*Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to

contest issue in opening brief resulted in waiver).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**